UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20673-CR-GRAHAM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DONALD GRANT,                  **REPORT AND RECOMMENDATION**

      Defendant.
_____/

On or about June 9, 2010, court-appointed defense counsel Dennis Urbano ("Counsel") submitted a voucher application numbered FLS 09 2544 with appended time sheets requesting $19,358.85 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted detailed time sheets and a pleading entitled Request For Attorney's Fee Exceeding the CJA Attorney Fee Cap (the "Request Memorandum") in support of his voucher application. Counsel represented Defendant Donald Grant ("Defendant") for ten (10) months from his appointment on August 7, 2009 until June 8, 2010.

Counsel seeks $19,358.85 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham entered an Order of Reference **[DE # 1222]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. Defendant was indicted along with twenty-eight (28) co-defendants on August 4, 2009. The grand jury later returned a Superseding Indictment which brought the total number of defendants in this case to thirty (30) including Defendant.

The Superseding Indictment **[DE # 209]** contained fifty-four (54) counts. Defendant was named in Counts I and XXIV. In Count I, Defendant was charged with conspiracy to possess with intent to distribute cocaine and cocaine base. In Count XXIV, Defendant was charged with possession with intent to distribute cocaine. Defendant faced a maximum term of life imprisonment for Count I and forty years imprisonment for Count XXIV.

According to Counsel, this case involved "complex issues of law regarding search warrants, wiretaps and for sentencing purposes, relevant conduct." (Request Memorandum at 2). Given the serious nature of the charges against Defendant, Counsel incurred a significant amount of time performing legal research. With respect to the legal research performed, Counsel researched "complicated issues regarding [Defendant's] classification by Probation in the Pre-Sentence Report as a Career Offender. " (Request Memorandum at 2). This required Counsel to conduct "[e]xtensive research into two Previous District Court

Cases from the Middle District of Florida and the Southern District of Alabama . . . to determine whether the convictions in those cases would place the Defendant as a Career Criminal and if so, what alternatives were available to the Defendant." (Request Memorandum at 2).

Second, the discovery in this matter was voluminous. "The Government supplied law enforcement line sheets listing over 10,000 intercepted calls. The calls on the line sheets were reviewed to determine which calls were pertinent and which were not. The pertinent calls, which totaled about 50% of all calls, were reviewed." (Request Memorandum at 1). Further, "[o]ver 1,200 documents regarding wiretap applications, warrants, progress reports and search warrants were reviewed . . . . 54-computer discs of audio/video recordings and photos of undercover buys from various Defendant and several informants were also supplied and reviewed." (Request Memorandum at 2). Counsel also reviewed "ledger books, search warrant inventories, laboratory reports" and "[h]undreds of tapes telephone calls from the Federal Detention Center made by various Defendants in the case." (Request Memorandum at 2). Moreover, "there were over 1,100 docket entries into the electronic filing system, which required constant review of counsel." (Request Memorandum at 3). The sheer volume of documents involved in this thirty (30) defendant case which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, the representation of Defendant required Counsel to make a number of court appearances in this case. Plaintiff represented Defendant at an initial appearance (8/7/09), an initial arraignment (8/13/09) and a second arraignment after the grand jury returned the Superseding Indictment (8/26/09). Counsel also appeared at a number of hearings and

status conferences (9/4/09, 11/6/09, 11/20/09, 1/20/09, 1/13/10 and 2/10/10). Defendant pled guilty to Count XX of the Indictment. **[See DE # 1046]**. Thereafter, Counsel represented Defendant at a change of plea hearing (3/23/10) and at sentencing (6/8/10). Defendant was sentenced to sixty (60) months imprisonment. **[See DE # 1131]**.

Defendant's serious medical condition also made this case more complex than the average case. Defendant is a "diabetic and previously had a toe removed due to diabetes. He suffers from high blood pressure as well. In 1997, his kidneys failed and since that time he has undergone kidney dialysis 3-times per week. In preparation for sentencing, it was important for [C]ounsel to understand and document the various medical problems of the Defendant." (Request Memorandum 2 - 3).

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 6.9 in-court hours totaling $825.00.

The CJA administrator also reviewed the 157.4 out-of-court hours sought by Counsel. Counsel sought compensation for 25 hours for "Interviews and conferences" and 98.9 hours for "Obtaining and reviewing records." Counsel also sought compensation for 6.9 hours for "Legal research and brief writing" and 26 hours of "Travel time." Counsel listed 0.6 hours for "Investigative and Other work." The CJA administrator made no changes to the out-of-court hours listed in the voucher.

Counsel also sought $406.40 in "Travel Expenses" and $61.95 in "Other Expenses." The CJA administrator made no changes to either number. The CJA administrator concluded that the total amount sought for out-of-court hours was $18,065.50 and the overall total amount documented by Counsel in the voucher was $19,358.85.

### In-Court Hours[1]

Counsel sought compensation for 6.9 in-court hours totaling $825.00. The CJA administrator made no changes to these numbers. I approve this amount as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 157.4 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of hours claimed by Counsel.

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. I recommend that the following entries be eliminated:

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

-6-

    3/23/10   Conference with Probation   0.4 hours

I recommend that the above entry be eliminated because this entry is not sufficiently detailed to comport with the requirements of the "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court. The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversation, Counsel failed to explain the reason for the duration of this conference.

Counsel also included a number of entries for time spent counseling Defendant's family. The Supplemental Instructions expressly provide that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." Time spent "holding the hand" of Defendant's family is not compensable under the CJA as it is time that did not contribute to Defendant's defense. Accordingly, Counsel should not be compensated for the following entries:

    8/7/09   Conf with daughter Daniki re bond   0.2 hours

    8/13/09   Conference with family   0.2 hours
           re prison in conf health [sic]

Counsel also included two entries that involved clerical duties. The Guidelines make clear that "telephone service, and secretarial expenses associated with CJA representation, whether work is performed by counsel or other personnel, are not reimbursable." The

Supplemental Instructions reinforces the Guidelines: "Clerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that the entries below be reduced or eliminated:

| | | |
|---|---|---|
| 8/11/09 | Sort document create subfiles for doc's [sic] and co defs | 0.5 hours [reduce to 0.3 hours] |
| 8/20/09 | Create new subfiles | 0.1 hours [eliminate] |

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in the deductions listed above (which total $149.00), I recommend that Counsel should be paid $17,916.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United*

States v. Carnevale, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $17,916.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $406.40 in "Travel Expenses." Counsel also sought $61.95 in "Other Expenses." The CJA administrator made no changes to either amount. I hereby approve both amounts.

### CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Request

Memorandum, the docket and filings in this case, I RECOMMEND that Counsel be paid $19,209.85 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this 25 day of October, 2010.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

    Dennis N. Urbano, Esq.
    Lucy Lara, CJA administrator